**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4289

DARRELL W. SAMUEL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-94-773)

Submitted: November 19, 1996

Decided: December 6, 1996

Before WIDENER, MURNAGHAN, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lourie Augustus Salley, III, Lexington, South Carolina, for Appel-
lant. J. Rene Josey, United States Attorney, Kelly E. Shackelford,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Appellant Darrell W. Samuel entered a guilty plea pursuant to a plea agreement to conspiracy to possess with intent to distribute cocaine and cocaine base ("crack") in violation of 21 U.S.C. §§ 841, 846 (1994). The court later denied Samuel's motion to withdraw his guilty plea and sentenced him to life imprisonment. Samuel then noted his appeal through counsel. Samuel's counsel has filed in this Court a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he raises three issues, but states that, in his view, there are no meritorious issues for appeal. Samuel was informed of his right to file a pro se supplemental brief, which he has done. We affirm.

Samuel's counsel asserts in the Anders brief that the court erred in denying his motion for withdrawal of his guilty plea on the basis that he was not competent to enter it. We find that the court properly found that Samuel was legally competent to enter the guilty plea. Furthermore, the court did not abuse its discretion in ascertaining that Samuel failed to demonstrate any "fair and just reason" to withdraw his guilty plea. See Fed. R. Crim. P. 32(e); United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991).

Appellant next asserts that the court erred in denying a two-level reduction in base offense level for acceptance of responsibility pursuant to USSG § 3E1.1. In order to receive this reduction, a defendant must demonstrate he is entitled to the adjustment by a preponderance of the evidence. United States v. Harris, 882 F.2d 902, 907 (4th Cir. 1989). A guilty plea does not automatically entitle the defendant to the reduction. Whether such a reduction is warranted is a factual question, United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991), which we review for clear error. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). We find no clear error in the court's denial of this

2

reduction in offense level. Samuel has consistently delayed resolution of his case and minimized his involvement in the conspiracy.

The third claim raised in the <u>Anders</u> brief is that the court erred in granting the Government's motion for a two-level enhancement for obstruction of justice under USSG § 3C1.1. The Government sought the enhancement based upon a letter Samuel wrote to a co-defendant that instructed her how to testify at trial. Samuel directed the witness to minimize his involvement in the drug conspiracy. The Guidelines direct that if a defendant "attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." USSG § 3C1.1. It is undisputed that Samuel wrote the letter in question, which is just the sort of conduct that § 3C1.1 proscribes. <u>See</u> USSG § 3C1.1, comment. (n. 3(a)). Therefore, we find no error in application of this enhancement.

In his pro se supplemental brief, Samuel alleges that the court violated Fed. R. Crim. P. 11 in accepting the guilty plea and did not give him enough time to review his presentence report. Samuel's claims in regard to his Rule 11 hearing are totally belied by the record. The transcript of the hearing discloses that the court complied with every aspect of Rule 11.

As for review of the presentence report, the record discloses that even though the court believed that Samuel had already reviewed the report with his attorney, he adjourned the proceedings to give Samuel additional time to review the document. Samuel declined to take advantage of this opportunity. The record also discloses that defense counsel filed objections to the report and that Samuel was mailed a copy of the report prior to sentencing. Therefore, this claim is meritless.

Samuel next alleges that the prosecution breached the plea agreement because the agreement states that he was pleading guilty to an offense involving cocaine, not "crack." Again, the record does not support his claim. Samuel clearly entered a guilty plea to conspiracy to unlawfully distribute and to possess with intent to distribute cocaine base (commonly known as "crack") and cocaine. This charge

3

is specifically noted in the written plea agreement and was noted by the court at the Rule 11 hearing.

Samuel also contends that the government breached the plea agreement by "objecting" to a Rule 35 proceeding. Presumably, Samuel is referring to a motion for reduction of sentence under Fed. R. Crim. P. 35(b), which permits reduction of a sentence upon motion of the government based upon substantial assistance of the defendant. There is no evidence in the record that Samuel has ever rendered substantial assistance to the government in any way. Therefore, this claim is meritless.

Samuel next alleges that he received ineffective assistance of counsel for failing to file objections to the presentence report, for failing to bring the court's attention to unspecified "lost" evidence, and for failing to file a motion to withdraw the guilty plea. None of these claims is supported by the record. Samuel has utterly failed to establish that the conduct of any of his three attorneys fell below any objective standard of reasonableness. Thus, these claims are meritless. See Hill v. Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984). In addition, since the record on direct appeal does not conclusively demonstrate that Samuel was denied effective assistance of counsel, such claims should be raised in a habeas corpus proceeding under 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

In accordance with Anders, we have reviewed the entire record and find no meritorious issues for appeal. We note particularly that the sentencing court carefully weighed factors noted by this Court in United States v. D'Anjou, 16 F.3d 604, 612-14 (4th Cir.), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3861 (U.S. June 27, 1994) (No. 93-9131), in imposing the life sentence. We therefore affirm the district court's orders in all respects. This court requires that counsel inform his client, in writing, of his right to petition the United States Supreme Court for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We also deny Samuel's motions to strike the <u>Anders</u> brief filed in this appeal and to relieve his attorney.

<u>AFFIRMED</u>